**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

------------------------------------------------------------X
ANGEL CLOUGHLY,                                          :
                                                                        :    Civ. No.  3:25-cv-09875-GC-JBD
                                        Plaintiff,            :
                      -against-                             :
                                                                        :
BOAR'S HEAD PROVISIONS, CO., INC.,       :
                                                                        :
                                        Defendant.      :
------------------------------------------------------------X

## JOINT PROPOSED DISCOVERY PLAN

1.  Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

Scott A. Harford (NJ Bar No. 013452000)
HARFORD P.C.
52 Duane Street, 7th Floor
New York, NY 10007
P: (212) 390-8983
F: (646) 895-6475
Scott.Harford@harford-law.com


Bart B. Torvik (*Pro hac vice* forthcoming)
OFT LAW PLLC
701 Main St. #204
Evanston, IL 60202
bart@oftlaw.com

Brendan J. Flaherty (*Pro hac vice* forthcoming)
OFT LAW PLLC
800 LaSalle Avenue, Suite 2260
Minneapolis, MN 55402
brendan@oftlaw.com
P: 888-828-7087
F: 888-239-0559

*Counsel for Plaintiff*



Jacqueline G. Veit
Courtney Howard

1

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
711 Third Avenue
New York, New York 10017
PH: (212) 907-7300
FX: (212) 754-0330
jveit@golenbock.com
choward@golenbock.com

*Of Counsel*:

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
Martin S. Hyman
Matthew C. Daly
711 Third Avenue
New York, New York 10017
PH: (212) 907-7300
FX: (212) 754-0330
mhyman@golenbock.com
mdaly@golenbock.com

Alan M. Maxwell (*Pro hoc vice* forthcoming)
WEINBERG, WHEELER, HUDGINS, GUNN & DIAL LLC
3344 Peachtree Road NE,
Suite 2400
Atlanta, GA 30326
PH: 404-832-9515
FAX: 404-875-9433
amaxwell@wwhgd.com

*Counsel for Defendant Boar's Head Provisions Co., Inc.*

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

**Plaintiff's Description[1]:**

**Plaintiff's product liability and negligence claims arise from a multistate outbreak of listeriosis linked to contaminated deli meat produced by Defendant Boar's Head. *See* Centers for Disease Control's Final Update *available at* https://www.cdc.gov/listeria/outbreaks/delimeats-7-24/investigation.html**

**In the wake of the outbreak investigation, Boar's Head recalled all deli meat produced at its Jarratt, Virginia facility and ceased food production there. *See* FDA Recall announcement *available at* https://www.fsis.usda.gov/recalls-alerts/boars-head-provisions-co--expands-recall-ready-eat-meat-and-poultry-products-due**

---

[1] For the avoidance of doubt, the descriptions of the case set forth herein are not intended to be, and shall not be construed as, an admission by either party as to any of the facts or matters set forth herein.

**Plaintiff contracted a listeriosis infection in July of 2025 and advanced genetic subtyping from her lab result proved to be a genetic match to the strain of *Listeria* that caused the outbreak of illnesses and to samples obtained within Defendant's food production environment and its finished product.**

**Plaintiff has asserted two claims: (1) Products Liability under N.J.S.A. 2A:58C-1 *et seq.*, which subsumes and includes claims for negligence and the like; and (2) Punitive Damages under N.J.S.A. 2A: 15-5.9 *et seq*.**

**A central basis of Plaintiff's punitive damages claim is a years-long history of sanitation violations and a 2022 USDA-FSIS warning that conditions at Defendant's facility could pose an "imminent threat" to the safety of its products.**

**Defendant's Description:**

**This is a product liability action against Defendant, a manufacturer of deli meat products. In July 2024, government health authorities identified a *Listeria monocytogenes* outbreak that they linked to Defendant's liverwurst, which product was manufactured exclusively at Defendant's plant in Jarratt, Virginia. In July 2024, Defendant issued a recall of products manufactured at the Jarratt plant between May 10, 2024, and July 29, 2024. Defendant filed an Answer on July 21, 2025, asserting several defenses. Among other defenses, Defendant disputes Plaintiff's entitlement to punitive damages, and of course the determination of any damages will be a central issue in this case.**

**As additional background, this case is one of several personal injury/wrongful death lawsuits pending against Defendant relating to the *Listeria monocytogenes* outbreak, including, among others: *Tingle as Personal Representative of Estate of Cox v. Boar's Head*, 5:24-cv-01141-LCB (N.D. Al.) (filed on August 19, 2024); *Gross, as Proposed Administratrix of Estate of Marilyn Pagano v. Boar's Head*, 3:25-cv-00683-MAS-TJB (D.N.J.) (filed in state court on October 8, 2024, and removed to D.N.J.); *Renavitz v. Boar's Head*, 2:24-cv-10155-JKS-LDW (D.N.J.) (filed on October 31, 2024); *Johnson v. Boar's Head*, 153745/2025 (N.Y. Sup. Ct.) (filed on March 21, 2025).**

3. Have settlement discussions taken place?

   **Yes. The Parties engaged in a confidential pre-suit mediation on May 29, 2025.**

4. The parties **have** met pursuant to Fed. R. Civ. P. 26(f).

5. The parties **have not** exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

   **The parties have agreed to exchange Rule 26 initial disclosures by September 5, 2025.**

3

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1).

   **None.**

7. The parties **have not** filed disclosures of third-party litigation funding because there is no third-party litigation funding in this case. See Local Civil Rule 7.1.1.

8. The parties **have not** conducted discovery other than the above disclosures.

9. Proposed Joint Discovery plan:

   a. Discovery is needed on the following subjects:

      **Plaintiff anticipates needing discovery on the following subjects:  Defendant's policies and practices relating to sanitation, food safety, and *Listeria* control at its Jarratt, Virginia manufacturing facility; USDA-FSIS inspections of the Jarratt facility and Defendant's responses; Defendant's decision making regarding capital improvements at its Jarratt facility; governmental investigations into the outbreak and Defendant's production of deli meats; the product recall resulting from the outbreak; and Plaintiff's damages.**

      **Defendant anticipates needing discovery on Plaintiff's background pre- and post-illness, medical history, purchase and consumption of the product(s), illness, testing that was conducted of the *Listeria* sample obtained from Plaintiff, and damages.**

      **The foregoing descriptions of discovery anticipated by each party are not intended to be, and shall not be construed as, an admission by either party as to the scope of discovery.**

      **The parties recognize that analogous claims have been asserted against Defendant and are more advanced in discovery than the present case—most notably, *Renavitz v. Boar's Head Provisions Co., Inc., et al.,* Case No. 2:24-cv-10155 (JKS) (LDW) (N.J., 2024) and *Cox v. Boars Head Provisions Co., Inc.*, 5:24-cv-01141 (N.D. A.L., 2024). The parties have agreed to coordinate discovery among the separate cases as much as practicable, including the coordination of joint fact depositions, but Plaintiff's position is that coordination of fact depositions would be appropriate only if Defendant promptly produces documents in this case with sufficient time for Plaintiff to assess them in advance of depositions.**

   b. Discovery **should not** be conducted in phases or be limited to particular issues.

   c. Proposed schedule:

i.   Fed. R. Civ. P. 26 Disclosures:

**September 5, 2025**

ii.  E-Discovery conference pursuant to L. Civ. R. 26.1(d):

**The parties discussed ESI at their Rule 26(f) conference and agreed as set forth in Paragraph 11 below.**

iii. Service of initial written discovery: **October 1, 2025**

iv.  Maximum of **25** Interrogatories by each party to each other party.

v.   Plaintiffs seek a maximum of **15** depositions to be taken by each party; Defendant seeks a maximum of **10** depositions to be taken by each party.

vi.  Motions to amend or to add parties to be filed by:

**Motions to Amend or to add parties shall be filed by November 1, 2025.**

vii.  Factual discovery to be completed by: **June 11, 2026**

viii. Plaintiff's expert report due on: **July 13, 2026**

ix.  Defendant's expert report due on: **August 13, 2026**

x.   Rebuttal expert reports, if necessary, **September 14, 2026**

xi.  Expert depositions to be completed by: **November 16, 2026**

xii. Dispositive motions to be served within 30 days of completion of discovery.

xiii. Set forth any special discovery mechanism or procedure requested.

xiv. A pretrial conference may take place on: **The parties respectfully submit that it would be premature to attempt to propose pretrial and trial dates at this time. In addition to the fact that the parties need to coordinate with this Court's availability, there are also at least four other pending litigations against Defendant arising from the outbreak,**

5

**two of which are also in the District of New Jersey, and thus trial dates will need to be coordinated among the various cases.**

xv.    Trial date: **See response to subsection xiv above.**

10. Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? **Yes**. If so, please explain

    **The parties anticipate that some depositions may need to be conducted via video conferencing (Zoom).**

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?  **No.**

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

    **Defendant reports that it has undertaken preservation and production steps in *Renavitz v. Boar's Head Provisions Co., Inc., et al.,* Case No. 2:24-cv-10155 (JKS) (LDW) (N.J., 2024) and *Cox v. Boars Head Provisions Co., Inc.*, 5:24-cv-01141 (N.D. A.L., 2024). These efforts include the preservation and production of relevant, non-privileged documents from January 1, 2022 to August 31, 2024.  The parties here have agreed that the ESI produced in *Renavitz* and *Cox* shall be produced in this case. Plaintiff reserves the right to independently assess the ESI produced, including custodians and search terms based on Defendant's production.**

12. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

    **Yes. The parties have agreed to a protective order substantially similar to the order entered in *Renavitz v. Boar's Head Provisions Co., Inc., et al.,* Case No. 2:24-cv-10155 (JKS) (LDW) (N.J., 2024).**

13. Do you anticipate any discovery problem(s) not listed above? Describe. **No.**

14. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.)

    **Counsel for Plaintiff and Defendant have litigated and resolved other cases from this outbreak and attempted pre-suit mediation in this case. The parties may be willing to**

6

**engage in mediation or an interim settlement conference with the court in the future.**

15. Is this case appropriate for bifurcation?  Yes ___      No _x__

16. An interim status/settlement conference (with clients in attendance) should be held **at a future date to be determined**.

17. We **do not** consent to the trial being conducted by a Magistrate Judge.

18. Identify any other issues to address at the Rule 16 Scheduling Conference.

By: s:// Scott A. Harford                          Dated: August 18, 2025
HARFORD P.C.
Scott A. Harford (NJ Bar No. 013452000)
52 Duane Street, 7th Floor
New York, NY 10007
P: (212) 390-8983
F: (646) 895-6475
Scott.Harford@harford-law.com

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP

By: s:// Courtney L. Howard                     Dated: August 18. 2025
Courtney I. Howard
Matthew C. Daly (*Pro hac* forthcoming)
Martin S. Hyman (*Pro hac* forthcoming)
711 Third Avenue
New York, New York 10017
PH: (212) 907-7300
FX: (212) 754-0330
mdaly@golenbock.com

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL LLC

Alan M. Maxwell (*Pro hoc vice* forthcoming)
3344 Peachtree Road NE,
Suite 2400
Atlanta, GA 30326
PH: 404-832-9515
FAX: 404-875-9433

7