UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X
ANGEL CLOUGHLY,                                :
                                                               :   Civ. No.  3:25-cv-09875
                              Plaintiff,               :
       -against-                                       :
                                                               :
BOAR'S HEAD PROVISIONS, CO., INC.,   :
                                                               :
                              Defendant.            :
-----------------------------------------------------------------X

**JOINT AGREED TO CONFIDENTIALITY AND PROTECTIVE ORDER**

IT IS AGREED BY THE PARTIES AND ORDERED AS FOLLOWS:

**A. Definitions**

1. As used in this Order:

   a. The term "Proceeding" means the lawsuit captioned above, including all discovery proceedings, hearings, pre-trial, trial, and post-trial activities related thereto.

   b. The term "Party(ies)" refers to any Plaintiff, Defendant, Third-Party Defendant, or Intervenor in this lawsuit.

   c. The term "Third Party(ies)" refers to persons or entities who are not parties to this lawsuit.

   d. The term "Discovery Material" shall include:

      i. Testimony and the record of depositions and hearing transcripts created in the Proceeding; and

      ii. Documents, electronically stored information, and things produced in this Proceeding pursuant to discovery requests, subpoena, voluntarily or otherwise.

   e. The term "Producing Party" shall refer to the Party or Third Party producing any given Discovery Material.

   f. The term "Receiving Party" shall refer to the Party receiving any given Discovery Material.

   g. The term "Confidential Information," as used herein, means any information of any type, kind or character, whether or not embodied in a document or other physical medium, including but not limited to sensitive commercial, financial, or proprietary

business information, or personal identification or financial information of an individual, which the Producing Party believes in good faith reflects information that would not normally be revealed to Third Parties except in confidence, or has undertaken with others to maintain confidence. Confidential Information includes any data, summary, abstract, compilation, or information obtained, derived, or generated from Confidential Information. Confidential Information also includes any testimony in this Proceeding regarding Confidential Information. Information or material which is available to the public, or that has been previously produced in a separate lawsuit without any designation of confidentiality, shall not be classified as Confidential.

h. The term "Attorney's Eyes Only Information" means all information, whether or not embodied in a document or other physical medium, which the Producing Party believes in good faith contains or reflects proprietary information, trade secrets or competitive or commercial information of a sensitive nature that disclosure to another Party or an employee or officer of such other Party may cause competitive injury or other harm. Attorney's Eyes Only Information includes any data, summary, abstract, compilation, or information obtained, derived, or generated from Attorney's Eyes Only Information. Attorney's Eyes Only Information also includes any testimony in this case regarding Attorney's Eyes Only Information.

i. The term "Confidential Material" shall refer to any Discovery Material, or any portion thereof, that contains information that any Party or Third Party considers in good faith to be confidential, trade secret, proprietary, or commercially sensitive. This includes material that has been designated as Confidential Information or Attorney's Eyes Only Information.

j. The term "Documents" shall refer to any documents, communications, electronically stored information, or tangible things—including without limitation writings, drawings, graphs, charts, photographs, sound recordings, images, videos, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the Producing Party into a reasonably usable form.

B. **Designating Discovery Material as Confidential or Attorney's Eyes Only**

2. Any Producing Party or Receiving Party may designate any document or information, in whole or in part, as Confidential Information or Attorney's Eyes Only Information.

3. The designation of Discovery Material as Confidential Information or Attorney's Eyes Only Information must be made by:

a. in the case of information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), visibly labeling the document **"CONFIDENTIAL"** or **"ATTORNEY'S EYES ONLY"** in a manner that will not interfere with the legibility thereof;

    b. in the case of information produced in some form other than documentary and for any other tangible items, (i) giving notice to all Parties by letter or transmittal along with a description sufficient to identify the Confidential Material (such as document identification numbers); (ii) including the word "Confidential" or the phrase "Attorney's Eyes Only" in the name of the electronic file; or (iii) affixing a "Confidential" or "Attorney's Eyes Only" label in a prominent place on the exterior of any tangible item or any container containing tangible item(s); and

    c. in the case of testimony given in deposition or in other pretrial or trial proceedings, either (1) stating orally on the record that certain information or exhibits are Confidential or Attorney's Eyes Only or (2) sending written notice designating such information, testimony, or exhibits as Confidential or Attorney's Eyes Only. Any such designation shall be made within twenty-one (21) days after receipt of the final deposition transcript, receipt of a copy of the final deposition transcript, or receipt of written notification that the final deposition transcript is available (the "Review Period"). Prior to and during the Review Period, the deposition transcript and exhibits shall be treated as Confidential Material. At the expiration of the Review Period, any designations made on the record or by written communication shall control, subject to a Party's right to contest them as provided in Paragraph 13.

4. Any Discovery Material covered by such legend or notice and any Discovery Material with a transmittal containing such legend or notice, and the information contained therein, shall be deemed Confidential Material in its entirety, unless the Party or Third Party designating the material as Confidential or Attorney's Eyes Only clearly indicates thereon that only a portion thereof is to be covered by the notice of confidentiality (e.g., by making appropriate markings in the margins).

**C. Use and Access to Confidential Material**

5. Unless and until otherwise ordered by the Court, Confidential Information shall be disclosed only as follows:

    a. Confidential Information and the contents thereof may be disclosed to in-house and retained outside counsel for named Parties and persons employed in the office of such counsel, litigation vendors, and other litigation support personnel.

    b. Confidential Information and the contents thereof may be disclosed to the Judge, the Judge's staff, court personnel, court reporters/stenographers taking depositions or transcribing hearings or the trial in the Proceeding, any other dispute resolution officer duly appointed or assigned in connection with this litigation, and any alternative dispute resolution agent agreed to by the Parties.

    c. Confidential Information and the contents thereof may be disclosed to Parties and their respective insurance companies and/or third-party administrators and their

officers, directors, or employees of a Party assisting in the evaluation, prosecution, or defense of this Proceeding.

d. Confidential Information may be disclosed to any witness or potential witness who was an author, addressee, or intended or authorized recipient of the Confidential Information prior to its production, or is employed by the Party or Third Party who produced the information, and with whom the Parties' attorneys deem it necessary to discuss such materials in the course of discovery and/or preparation for trial.

e. Confidential information may be disclosed to any witness in the Proceeding, but only during the course of the witness's testimony (including depositions) or in preparation for his or her testimony, to the extent deemed necessary by a Party's counsel, or to persons whom a Party's counsel believes may testify as a witness in the Proceeding regarding matters relevant to the Confidential Information. Unless such witness or potential witness has executed a written statement in the form attached hereto as **Exhibit 1**, such witness or potential witness (and their counsel) may not retain such Confidential Information (or copies, summaries, notes, or extracts thereof).

f. Confidential Information may be disclosed to any witness or potential witness who is first given a copy of this Order and executes a written statement, a copy of which is attached hereto as **Exhibit 1** and made a part hereof, that (1) said person has read and understands this Order; (2) pursuant to this Order, said person shall not use or divulge any Confidential Material except as part of the prosecution or defense of the above-captioned lawsuit, and only to persons listed in this Paragraph 5 or 6 (as applicable) of this Order; (3) said person understands that the unauthorized use or disclosure of the Confidential Material or their contents may be deemed to constitute contempt of Court; and (4) said person consents to this Court's venue and exercise of personal jurisdiction over him or her to enforce this Order or address any violation thereof.

g. Confidential Information and the contents thereof may be disclosed to experts retained by a Party who are actively engaged in the conduct of this Proceeding and have actual need to see the material or know the contents thereof in connection with that engagement, provided that such persons are first given a copy of this Order and executes a written statement, a copy of which is attached hereto as **Exhibit 1** and made a part hereof, that (1) said person has read and understands this Order; (2) pursuant to this Order, said person shall not use or divulge any Confidential Material except as part of the prosecution or defense of the above-captioned lawsuit, and only to persons listed in this Paragraph 5 or 6 (as applicable) of this Order; (3) said person understands that the unauthorized use or disclosure of the Confidential Material or their contents may be deemed to constitute contempt of Court; and (4) said person consents to this Court's venue and exercise of personal jurisdiction over him or her to enforce this Order or address any violation thereof.

6. Unless and until otherwise ordered by the Court, Confidential Material designated as Attorney's Eyes Only shall only be disclosed as follows:

a. Attorney's Eyes Only Information and the contents thereof may be disclosed to retained outside counsel for named Parties, persons employed by outside counsel who have a need to see the information, and in-house Counsel for the Parties.

b. Attorney's Eyes Only Information and the contents thereof may be disclosed to the Judge, the Judge's staff, court personnel, and court reporters/stenographers taking depositions or transcribing hearings or the trial in the Proceeding, any other dispute resolution officer duly appointed or assigned in connection with this litigation, and any alternative dispute resolution agent agreed to by the Parties.

c. Attorney's Eyes Only Information may be disclosed to any witness or potential witness who was an author, addressee, or authorized recipient of the Confidential Information, in the course of a deposition for purposes of examining and obtaining testimony, and with whom the Parties' retained outside counsel deem it necessary to discuss such materials in the course of discovery and/or preparation for trial.

d. Attorney's Eyes Only Information may be disclosed to any witness in the Proceeding, but only during the course of the witness's testimony (including depositions) or in preparation for his or her testimony, to the extent deemed necessary by a Party's counsel, provided the witness is first given a copy of this Order and executes a written statement, a copy of which is attached hereto as **Exhibit 1** and made a part hereof, that (1) said person has read and understands this Order; (2) pursuant to this Order, said person shall not use or divulge any Confidential Material except as part of the prosecution or defense of the above-captioned lawsuit, and only to persons listed in this Paragraph 5 or 6 (as applicable) of this Order; (3) said person understands that the unauthorized use or disclosure of the Confidential Material or their contents may be deemed to constitute contempt of Court; and (4) said person consents to this Court's venue and exercise of personal jurisdiction over him or her to enforce this Order or address any violation thereof.

e. Attorney's Eyes Only Information and the contents thereof may be disclosed to experts retained by a Party who are actively engaged in the conduct of this Proceeding, provided that such persons are first given a copy of this Order and provided each executes a written statement, a copy of which is attached hereto as **Exhibit 1** and made a part hereof, that (1) said person has read and understands this Order; (2) pursuant to this Order, said person shall not use or divulge any Confidential Material except as part of the prosecution or defense of the above-captioned lawsuit, and only to persons listed in this Paragraph 5 or 6 (as applicable) of this Order; (3) said person understands that the unauthorized use or disclosure of the Confidential Material or their contents may be deemed to constitute contempt of Court; and (4) said person consents to this Court's venue and exercise of personal jurisdiction over him or her to enforce this Order or address any violation thereof.

7. The non-designating Party or Third Party must mark any summaries or copies (printed or electronic) of Confidential Material or the contents of those summaries or copies with an appropriate Confidentiality designation as described in Paragraph 3 above. Those summaries and

copies shall be subject to the terms of this Order to the same extent as the information or document from which such summary or copy is made.

8. If any Third Party produces Documents that are not designated as Confidential Material, such Documents shall still be considered as Confidential Material under this Protective Order for 21 days from the time that each Party to this action has received such Documents. If any Party believes that the Documents should be permanently designated as Confidential Material, that Party must provide a written designation to the other Parties in accordance with Paragraph 3 of this Order.

9. All Confidential Material and its contents can only be used and/or disclosed for the purpose of the direct prosecution or defense of the Proceeding and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms of this Order. No Party or any director, officer, employee, agent or attorney for any Party shall use or permit to be used any Confidential Material or the contents thereof for any business or commercial purpose whatsoever. Any receiving Party (or other person to whom Confidential Material is disclosed pursuant to this Order) having custody of Confidential Material must take reasonable precautions to store and maintain it in a manner that limits access to persons permitted such access under this Order.

**D. Filing Confidential Material**

10. Any document or testimony that is designated as "Confidential" Information or "Attorney's Eyes Only" Information which is revealed by or included in any discovery proceeding, pre-trial hearing or procedure, at trial, or in any motion, petition, writ, pleadings, affidavits, briefs or other documents submitted to the Court (or any appellate court) shall be subject to this Protective Order. In the event a Party intends to include any "Confidential" Information or "Attorney's Eyes Only" Information received from another Party as part of any pleading, memorandum, petition, brief, or other submission filed, the filing Party shall give prior notice to the Producing Party and obtain written consent for the filing or shall preliminarily file such documents under seal with the Court in

accordance with Local Rule 5. The Court will determine whether such material may be kept under seal. Subject to further order of the Court, nothing herein shall prevent the use of Confidential Information or Attorney's Eyes Only Information at hearing or trial, provided the safeguards identified in this Order are complied with. The parties shall meet and confer regarding de-designation of Confidential or Attorney's Eyes Only documents prior to trial, and shall raise either the Court any dispute that cannot be resolved consensually. Regardless of any provision of this Order to the contrary, a Party is not required to file a document or material under seal if the document or material was designated Confidential or Attorney's Eyes Only solely by that Party.

### E. Unintentional Disclosure of Confidential Material

11. Inadvertent, unintentional, or *in camera* disclosure of Confidential Material shall not be deemed a waiver, in whole or in part, of any Party's claims of confidentiality or privilege. If a Producing Party inadvertently produces any document containing Confidential Material without designating it as such, the disclosing person shall, within 10 days of learning of the inadvertent production, inform the Receiving Party in writing of the Confidential designation. After receiving that designation, the Receiving Party shall treat the information as Confidential Material. If, prior to receiving the Confidential designation, the material was disclosed to persons who are not permitted to receive Confidential Material by this Order, the Receiving Party shall make reasonable efforts to promptly retrieve the information and avoid any further disclosure to non-authorized persons.

### F. Return or Destruction of Confidential Material

12. Within thirty (30) days after the settlement or entry of final judgment or order in the Proceeding from which no further appeal has been or can be taken, all Confidential Material and all copies thereof shall be returned to the Producing Party or Third Party or destroyed at the expense of the Receiving Party, and each of the Parties shall separately certify in writing under oath that each has returned to the Producing Party or Third Party or destroyed all the Confidential Material and has

destroyed any materials created from information in those categories of material. (The previous sentence does not apply to the Court.) Each of the Parties shall, at their own expense, have their experts return to the retained outside counsel all copies of Confidential Materials and destroy all materials derived from the same, certifying separately, in writing under oath, the same. Notwithstanding the other provisions of this Order, counsel for the Parties may maintain a complete copy of all pleadings filed in the case, all deposition and hearing transcripts and exhibits, and all attorney work product, irrespective of whether they contain Confidential Material, provided that such counsel shall not use or disclose copies of Confidential Material at any time or in any manner other than as permitted by this Protective Order.

### G. Challenging a Confidentiality Designation

13. With respect to any Discovery Material that has been designated as Confidential Material by a Party or Third Party, another Party may seek and obtain from the Court, upon application, pursuant to D.N.J. Local Rule 37.1, and an appropriate showing and full opportunity of the designating Party to respond and be heard, a determination that such material should not be deemed Confidential Material. At least 5 business days before making any such motion or application, counsel shall provide written notice of each challenged designation, including the basis for each challenge. Counsel shall meet and confer in good faith with the designating Party to resolve each challenge. Confidential Material shall not be submitted for *in camera* review absent prior leave of Court. Until the Court rules on any such application, the materials shall continue to be deemed and treated as Confidential or Attorney's Eyes Only, as designated by the Producing Party or Third Party. Any Party may seek and obtain, on an appropriate showing, additional protection with respect to the confidentiality of Discovery Material.

### H. Additional Orders or Modifications to the Protective Order

14. This Protective Order may be modified or amended by agreement of the Parties with the approval of the Court. To the extent that the Parties fail to agree on a modification proposed by any Party or Third Party, nothing contained herein shall be deemed to preclude any Party or Third Party from filing a letter application to the Court, for good cause shown, for a ruling that modifies this Protective Order in any respect.

**I. Privileged Information**

15. Production of privileged or work product protected information is presumed to be inadvertent. If information is produced that is subject to a claim of privilege or protected work product, the Party making the claim must notify the Receiving Party of the claim and the basis for it. After being notified, the Receiving Party must promptly return the specified information and any copies it has and may not use or disclose the information until the claim is resolved. The Parties will follow the procedure described in Paragraph 13 above to resolve (or present to the Court) any dispute over whether information is privileged or protected. If the Receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve it. The Producing Party must preserve the information until the claim is resolved. Inadvertent disclosure of privileged or work product protected Documents shall not be a waiver of a claim of privilege either as to the specific material disclosed or as to related information. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

**J. Subpoenas for Confidential Material**

16. If any person covered by this Protective Order is subpoenaed or served with a document demand in another action or proceeding and such subpoena or document demand seeks information that has been designated by another Party or Third Party in the Proceeding as Confidential Material, that person shall (i) give prompt written notice by email, and no later than 48 hours after the receipt of such subpoena or document demand, to the Party or Third Party who produced and who

designated the Confidential Material; and (ii) object to the production of such information on the ground that such information is subject to the terms of this Protective Order. The burden of opposing the enforcement of the subpoena or document demand shall fall upon the Party or Third Party who designated the Confidential Material. Unless the Party or Third Party who designated the information as Confidential Material obtains an order directing that the subpoena or document demand not be complied with, and serves such order upon the person who received the subpoena or document demand, the person who received the subpoena or document demand shall be permitted to produce information in response to the subpoena or document demand on the response date for the subpoena or document demand as long as the response date is at least 14 days after the date on which the person provided written notice to the designating Party of the subpoena or demand. If the deadline for responding to the subpoena or document demand is fewer than 14 days after the date on which the person provided written notice to the designating person of the subpoena or demand, the person receiving such subpoena or demand will object to producing the requested information and will not produce it until 14 days after the written notice. The person who received the subpoena or document demand shall not produce information in response to the subpoena or document demand before its response date. If the Party or Third Party who designated the Confidential Material timely makes a motion or application to the applicable court that the subpoena or document demand not be complied with, and such motion or application is not decided before the applicable discovery response period as set forth above, then, to the extent permitted by law, the person who received the subpoena or document demand shall not produce the Confidential Material that is the subject of the pending motion or application unless and until such motion or application is denied.

### K. Application of Protective Order

17.     This Protective Order shall expire one year following the Parties' compliance with Paragraph 12, and the Court's jurisdiction will end. Notwithstanding the expiration of this Protective

Order, all Parties and their counsel remain under a continuing obligation, as a matter of contract between the Parties, to comply with the requirements in Paragraphs 5, 6, 9, 12, and 16 that they not use or disclose copies of Confidential Material at any time or in any manner other than as permitted by this Protective Order.

18. This Protective Order shall operate retroactively to the inception of this Proceeding. Any material produced prior to the signing of this Protective Order shall be treated as Confidential or Attorney's Eyes Only upon designation as set forth above.

19. Nothing contained in this Protective Order, and no action taken pursuant to it shall prejudice the right of any Party or Third Party to contest the alleged relevancy, admissibility, or discoverability of the material sought. Nor shall this Protective Order prevent any Party or Third Party from objecting to discovery it believes to be otherwise improper. This Protective Order will not prejudice the rights of any person to apply to the Court for a further protective order relating to any Confidential Material, trade secrets, or proprietary information.

20. The Parties have authorized their respective counsel of record to execute this Protective Order on their behalf, and the Parties and their respective counsel agree to be bound by the terms of this Protective Order.

IT IS SO ORDERED this __20th__ day of _____August_____, 2025.

_____
J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

-------------------------------------------------------------------X
ANGEL CLOUGHLY, :
: Civ. No. 3:25-cv-09875
Plaintiff, :
-against- :
:
BOAR'S HEAD PROVISIONS, CO., INC., :
:
Defendant. :
-------------------------------------------------------------------X

## NON-DISCLOSURE AGREEMENT

I certify that I have read the Agreed Protective Order (the "Order") in this action and that I fully understand the terms of the Order (including, but not limited to Paragraphs 5 and 6 of the Order). I recognize that I am bound by the terms of the Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the District of New Jersey, for any proceedings involving the enforcement of the Order.

EXECUTED this _____ day of _____, 2025_.

_____
Signature

_____
Print Name

_____
Affiliation

_____
Business Address